UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL M JONES

Plaintiff

Civil Action No. 1:13-cv-11274-NMG

V.

CLIENTS SERVICES

Defendants

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff Paul Jones, hereinafter Plaintiff, moves this court pursuant to Federal Rules of

Civil Procedure 37, for an Order Compelling Defendant Client Services Inc. , hereinafter

Defendant, to produce all documents responsive to Plaintiffs First Request for Production of

Documents.

The grounds upon which this Motion is based and the substantial matters are set forth

hereinafter.

### Nature of the Action

This action arises under the Telephone Consumer Practices Act. (hereafter TCPA) and

specifically involves the alleged violations by Defendant Client Services Inc.  Placing several

calls to Plaintiffs telephone numbers without express permission to collect a non existing debt

(not belonging to plaintiff). This action was instituted by Plaintiff on or about May 3, 2013 in

Small Claims Court and was transferred by the defendants to the Federal District court.

Plaintiff mailed Plaintiff's First Request for Production of Documents on or about August 25,

2013 to Defendants counsel John J. O'Connor & Alan K. Tannenwald by United States Mail and

vie email and was due on September 25, 2013.

Plaintiff first requested 28 productions of documents from Client Services Inc. & their lawyer s

John J. O'Connor & Alan K. Tannenwald.

Defendant Client Service Inc and their attorneys have objected to 19 of the 28 request for production of documents stating **"Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant denies calling any of the subject numbers".**

Plaintiff's request for production Defendants' objections thereto are reproduced here below in their entirety for this Honorable Court's consideration.

Plaintiff regrets that the courts has had to become involved in these issues, plaintiff believe, could have been resolved among the parties' counsel.
Plaintiff is not requesting the defendant to provide information or documents that are duplicative of or redundant to the information or documents plaintiff has already.

Defendants denials & Objections has not been stated with specificity, plaintiff request that the Judge will rule expeditiously on the request for discovery because time is running out and plaintiff needs the defendant to follow the rules of civil procedure to assure that plaintiff has these documents for trial.

The discovery is calculated to produce or lead to the production of material evidence that is not repetitious of facts or documents already in the complaint file, the discovery does not concern privileged or restricted information, and the discovery is not overly burdensome.

Plaintiff moves for an Order compelling defendant to provide complete responses to plaintiffs First Requests for Production of Documents here in below as grounds for this Motion, plaintiff shows as follows:

## Plaintiffs First Request For Production of Documents

### REQUEST NO. 1

All documents relating to plaintiff, *PAUL JONES*, wireless number **978-425-6336, 781-**

**344-3456, 617-247-0800 and 781-344-4351** or which are indexed, filed or retrievable under

Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an

account number or Social Security number) assigned to Plaintiff or connected with **978-425-6336, 781-344-3456, 617-247-0800 and 781-344-4351.**

## RESPONSE NO. 1

The defendant has no such materials.

## REQUEST NO. 2

All screen shots and electronic notes taken by your sales associates during any

communications with the plaintiff or which in any way reference the Plaintiff.

## RESPONSE NO. 2

The defendant has no such materials.

## REQUEST NO. 3

All documents transmitted to Plaintiff. Please include the formatting for any letter or

document which you sent but for which you do not have a precise copy.

## RESPONSE NO. 3

Objection. This request is not reasonably calculated to lead to the discovery of

Discoverable or relevant or admissible evidence. In any event, the defendant has no such

materials.

## REQUEST NO. 4

Name on file with Defendant of who owns telephone number **978-425-6336, 781-344-3456, 617-247-0800 and 781-344-4351 for the last 4 years.**

## RESPONSE NO. 4

**REQUEST NO. 5**

All account files for telephone number **978-425-6336, 781-344-3456, 617-247-0800 and**

**781-344-4351 that Defendant has for last Four years.**

**RESPONSE NO. 5**

The defendant has no such materials.

**REQUEST NO. 6**

All contracts or manuals regarding the telephone and communications systems used to

call Plaintiffs wireless number **978-425-6336, 781-344-3456, 617-247-0800 and 781-344-4351.**

**RESPONSE NO. 6**

The defendant has no such materials.

**REQUEST NO. 7**

Provide any and all documents, data or things that show the Plaintiff's express

consent to receive telephone calls on his wireless telephone numbers **978-425-6336,**

**781-344-3456, 617-247-0800 and 781-344-4351** through use of an automatic telephone dialing

system or a system that has the capacity to autodial.

**RESPONSE NO. 7**

The defendant has no such materials.

**REQUEST NO. 8**

All records of outgoing calls which Defendant made to Plaintiff's wireless numbers **978-**

**425-6336, 781-344-3456, 617-247-0800 and 781-344-4351** for the past four years.

## RESPONSE NO. 8

The defendant has no such materials.

## REQUEST NO. 9

Please do a manual and computer search for the past four years for all documents,

emails or things in your possession that mention the following specific terms:

a) Telephone Consumer Protection Act;

b) TCPA

c) Auto-dialer

d) Auto within 5 words of dial

## RESPONSE NO. 9

Objection. This request is unduly burdensome and is not reasonably calculated to lead to

the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

## REQUEST NO. 10

All invoices over the past four years for telephony equipment or software, including but

not limited to automatic telephone dialing systems.

## RESPONSE NO. 10

Objection. This request is unduly burdensome and is not reasonably calculated to lead to

the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

**REQUEST NO. 11**

All sales literature for telephony equipment or software used by Defendant over the past

four years, including but not limited to automatic dialing systems.

**RESPONSE NO. 11**

Objection. This request is unduly burdensome and is not reasonably calculated to lead to

the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

**REQUEST NO. 12**

All contracts, agreements, manuals, and communications with third parties concerning

Defendant's telephony systems and dialing telephone calls over the past four years.

**RESPONSE NO. 12**

Objection. This request is unduly burdensome and is not reasonably calculated to lead to

the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

**REQUEST NO. 13**

All documents that discuss or relate to policies, practices or procedures associated

with making telephone calls to marketing leads/prospects cellular phones, including but not

limited to use of an automatic telephone dialing systems.

**RESPONSE NO. 13**

Objection. This request is unduly burdensome and is not reasonably calculated to lead to

the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

**REQUEST NO. 14**

All manuals, memoranda, instructions and other documents which discuss describe or

set forth standards, criteria, guidelines, policies or practices relating to the Telephone Consumer

Protection Act as they relate to Defendant making telephone calls.

**RESPONSE NO. 14**

Objection. This request is unduly burdensome and is not reasonably calculated to lead to

the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

**REQUEST NO. 15**

All manuals, memoranda, emails, data, instructions, and other documents setting forth

defendant's policies, procedures or practices relating to it's sales and telemarketing business by

means of telephone calls, including but not limited to the use of automatic telephone

dialing systems.

**RESPONSE NO. 15**

Objection. This request is unduly burdensome and is not reasonably calculated to lead to

the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

**REQUEST NO. 16**

All documents from any third party that concern Defendant's making telephone

calls to marketing prospect/lead's wireless phone numbers, including but not limited to flyers, publications, emails, audio files and presentations.

## RESPONSE NO. 16

Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant denies calling any of the subject numbers.

## REQUEST NO. 17

All documents relating to any judicial or administrative proceeding in which Defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating telemarketing sales practices, or of committing a tort while engaging in telemarketing activities, where the accusation concerns telephone calls to wireless and/or wire line phones for last 2 years

## RESPONSE NO. 17

Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant denies calling any of the subject numbers.

## REQUEST NO. 18

All documents relating to any claim made against defendant for violating the Telephone Consumer Protection Act, any state statute regulating telemarketing practices, or of committing a tort while engaging in telephone calls to wireless or wire line phones for last 2 years.

## RESPONSE NO. 18

Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant denies calling any of the subject numbers.

## REQUEST NO. 19

All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to telephone calls to wireless or wire line phones.

## RESPONSE NO. 19

Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant denies calling any of the subject numbers.

## REQUEST NO. 20

All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could determine whether a telephone number is or was a wireless telephone number.

## RESPONSE NO. 20

Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant denies calling any of the subject numbers.

## REQUEST NO. 21

All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could determine whether a telephone number is or was a wire line telephone number.

## RESPONSE NO. 21

Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant denies calling any of the subject numbers.

## REQUEST NO. 22

Defendant's entire file, including any documents or data that show Plaintiff's consent to receive calls on his/her wireless telephone number **978-425-6336, 781-344-3456,617-247-0800 and 781-344-4351.**

## RESPONSE NO. 22

The defendant has no such materials.

## REQUEST NO. 23

All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their wireless/cellular telephones.

## RESPONSE NO. 23

Objection. This request is unduly burdensome and is not reasonably calculated to lead to the discovery of discoverable or relevant or admissible evidence. In any event, the defendant

denies calling any of the subject numbers.

## REQUEST NO. 24

All documents relating to the maintenance by defendant of policies, practices or
procedures adapted to avoid calling persons who have registered their phone numbers on the
national DNC

### RESPONSE NO. 24

Objection. This request is unduly burdensome and is not reasonably calculated to lead to
the discovery of discoverable or relevant or admissible evidence. In any event, the defendant
denies calling any of the subject numbers.

## REQUEST NO. 25

Produce any and all documents that describe, record, or establish Defendant's methods
and techniques used to make telemarketing calls.

### RESPONSE NO. 25

Objection. This request is unduly burdensome and is not reasonably calculated to lead to
the discovery of discoverable or relevant or admissible evidence. In any event, the defendant
denies calling any of the subject numbers.

## REQUEST NO. 26

All documents concerning or relating to any effort, ever, by Defendant to determine a
process, policy or practice whereby Defendant could comply with the TCPA.

### RESPONSE NO. 26

Objection. This request is unduly burdensome and is not reasonably calculated to lead to
the discovery of discoverable or relevant or admissible evidence. In any event, the defendant
denies calling any of the subject numbers.

**REQUEST NO. 27**

All documents concerning or relating to any effort, ever, by Defendant to determine a
process, policy or practice whereby Defendant could comply with the TCPA's provisions
concerning the national DNC.

**RESPONSE NO. 27**

Objection. This request is unduly burdensome and is not reasonably calculated to lead to
the discovery of discoverable or relevant or admissible evidence. In any event, the defendant
denies calling any of the subject numbers.

**REQUEST NO. 28**

All insurance policies that could possibly afford coverage with respect to the matters
complained of in this case together with all correspondence accepting or declining coverage or
reserving rights with respect thereto.

**RESPONSE NO. 28**

Defendant objects to plaintiff's Request on the basis that unduly burdensome and is
not reasonably calculated to lead to the discovery of discoverable or relevant or
admissible evidence.. As noted above, unduly burdensome "broadly construed," and a
discovery request "should be considered relevant if there is "any possibility" that the
information sought may be relevant to the claim or defense of any party Defendants'

main objections to the above requested Requests for production of documents are
Objection.

A party objecting to discovery on the basis of unduly burdensome and is not
reasonably must support its objection, unless the request appears unduly burdensome
and is not reasonably on its face.

The court finds that this request does not appear unduly burdensome and is not
reasonably on its face. Defendant has not met its burden to substantiate this objection,
and has made only a conclusory statement that the requests are unduly burdensome
and is not reasonably. Therefore, the court overrules this objection. In opposing
discovery on the grounds of burdensomeness, a party has "the burden to show facts
justifying their objection by demonstrating that the time or expense involved in
responding to requested

**W. Res., Inc. v. Union Pac. R.R. Co., 2002 U.S. Dist. LEXIS 1004 (D. Kan. Jan.
21, 2002) (citing McCoo v. Denny's Inc., 192 F.R.D. 675, 694 (D. Kan. Apr. 18,
2000)). Id. 38 Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan.
1999).**

Discovery is unduly burdensome. This imposes an obligation to provide sufficient
detail in terms of time, money and procedure required to produce the requested
documents. Discovery should be allowed unless the hardship is unreasonable in light
of the benefits to be secured from the discovery. Defendant has made no detailed
showing of the burden it believes to be imposed upon it by the instant requests.

Because defendant has made only a conclusory objection, which it has failed to substantiate, the court should overrule this objection. Defendant also objects to all four of these requests on the basis that they are not reasonably calculated to lead to discoverable evidence. As noted previously, this is an action for Telephone Consumer Practices Act. (TCPA) and other Federal & State laws.

Wherein plaintiff is alleging that defendant called his wireless telephone numbers using an Automatic Dialing System that has the capacity to store numbers..The instant requests seek information related to prior call logs against the defendant's.

The Plaintiff requests the court to order defendant to provide plaintiff with full and complete responses to plaintiff's First Request for Production.

## Duty to Confer Prior to Filing a Motion to Compel

Before turning to the analysis of each individual request, the court notes as a threshold matter that, pursuant to Fed. R. Civ. P. 37(a)(2)(B), a party filing a motion to compel discovery must include in the motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."18 "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ.P. 26 through 37 . . . unless. . . the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."19 "Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken . . . to resolve the issues in dispute. "A 'reasonable effort to confer' means more than mailing or emailing or faxing a letter

to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so plaintiff has done so.

## CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), the undersigned representative hereby certifies that he has, in good faith, conferred with counsel for Respondents in an effort to secure the information and material described herein without court action. A copy of the parties' written communications confirming the issues discussed are attached hereto.

Respectfully Submitted

Paul Jones

Prose

Pj22765@gmail.com

888-655-3004

John J. O'Connor

PEABODY & ARNOLD LLP

Federal Reserve Plaza

600 Atlantic Avenue

Boston, MA 02210-2261

Telephone: (617) 951-2100

joconnor@peabodyarnold.com